# EXHIBIT 1

UNISON

12/18/2018

Deborah Dee Stone
202 Lucca Dr
Evans, CO 80620

Re: Your home at 202 Lucca Dr, Evans, CO 80620 (your "Property")
Unison HomeOwner Agreement ID Number: FRX-114084

Dear Deborah Dee Stone,

We are pleased to extend to you this Offer to enter into a Unison HomeOwner Agreement! Here are some details of our offer:

The **Original Agreed Value** of your Property has been established as $200,000.00.

If you accept our Offer, you will grant Unison Agreement Corp. ("**Unison"**) an Option to purchase a percentage interest in your home in the future. The percentage interest in your home will be 70.00% interest (the "**Investor Percentage"**). The price Unison will pay will total $140,000.00 (the "**Unison Purchase Price"**). Unison will pay you a portion of the Unison Purchase Price (the "**Unison Investment Payment"**) upon closing of your Unison HomeOwner Agreement, less a transaction fee. Here is a calculation of the amount of the Unison Investment Payment to you:

| | |
|---|---|
| Unison Investment Payment | $35,000.00 |
| Less Unison Transaction Fee | $1,365.00 |
| Equals Gross Proceeds | $33,635.00 |

Unison will pay the balance of the Unison Purchase Price to you ("**Unison Purchase Price Balance"**) when your Unison HomeOwner Agreement ends, which typically is when you sell your home.

If you would like to read a full copy of the legal agreements that comprise the Unison HomeOwner Agreement, please contact your program specialist and they will be provided to you. The agreements contain the details of our Agreement, including the Maximum Authorized Debt limit that you must maintain on the property throughout the term of our agreement, and how you can request to end your Unison HomeOwner Agreement before you sell your home or before the end of its term.

Before accepting this Offer, read the full Offer Package together with the enclosed **Important Information Notice** and the **Total Unison Cost Estimate**. Once you are ready to accept, please sign the attached Acknowledgement of Acceptance and return it to your Program Specialist.

This Unison HomeOwner Agreement Offer is available only until 12/28/2018 (the "**Acceptance Deadline**").

If you would like to discuss this Offer, please contact your Unison Program Specialist, Kevin Renaud, at 415-960-3109 or 866-228-2330.

Thank you again for choosing Unison. We look forward to serving you as a valued client.

Sincerely,

Unison Agreement Corp.,
a Delaware corporation

| | |
|---|---|
| Applicant Initials: DS DDS | Co-Applicant Initials: ___________ |

UNISON

## Applicant and Co-Applicant Acknowledgment of Acceptance

By my signature below, I affirm that I have read and understand the Offer Package, which consists of the following items:

1. Offer Letter
2. Section 10 – Summary of Financial Terms and Fees
3. Conditions of Offer
4. Important Information Notice
5. Total Unison Cost Estimate (TUCE)
6. Notice To And Acknowledgment Regarding Spouses, Partners and Co-Occupants Who Are Not Signatories To The Unison HomeOwner Agreement

I accept the Offer in accordance with its terms.

*Applicant:* DocuSigned by: Deborah Dee Stone 30E8F109754443A...

Deborah Dee Stone

*Date signed:* 12/19/2018

*Co-Applicant:* ______

*Date signed:* ______

*Co-Applicant:* ______

*Date signed:* ______

*Co-Applicant:* ______

*Date signed:* ______

THE FOLLOWING TERMS AND CONDITIONS ARE PART OF THIS OFFER: Unison Agreement Corp.'s (**"Unison"**) obligations under this Offer Letter and its obligation to enter into and fund the Unison HomeOwner Agreement shall be subject to: (A) the terms and conditions of this Offer Letter and the other parts of the Offer Package of which this is a part; and (B) the conditions that, from the date of this Offer through the signing date, there shall have been (i) no material negative change in any Applicant's credit standing or financial position, (ii) no impairment in the condition or value of the Property, ; and (iii) no other material adverse change, that, if known to Unison, could have affected its decision to extend this Offer. Documents and other deliveries made in satisfaction of conditions shall be effective only upon timely and actual receipt by fax, mail, email or courier by Unison and must be acceptable to Unison and to its closing agents and service providers in their sole and absolute discretion.

Unison may, but shall not be obligated to, waive, modify or extend any condition and/or the deadlines for satisfaction thereof. A waiver or extension may require the payment of additional amounts, including the cost of a new appraisal. Unison shall be under no obligation to enter into a Unison HomeOwner Agreement if the date of the appraisal used to establish the Original Agreed Value is more than 60 days prior to the date of signing for any reason whatsoever.

When you accept this Offer: You agree that you are and shall be responsible to pay the Unison transaction fee; you represent that all documentation and other information you have provided to Unison is correct and complete in all respects; and you acknowledge that such documentation and information will be relied upon by Unison.

| **Applicant Initials:** DS DDS | **Co-Applicant Initials:** ______ |
|---|---|

"Applicant" shall mean and refer to, in addition to the named Applicant, all "Co-Applicants". The words "you," "your," and "yours" mean and refer to the Applicant and any Co-Applicant, individually and together, jointly and severally. "Offer" means and refers to the documents, terms, covenants, and conditions of the Offer Package, as amended. For purposes of this Offer, the amount of a loan encumbering the Property if any shall be the maximum lien amount secured by the governing loan documents, including but not limited to undrawn amounts available under lines and possible negative amortization. Terms used but not defined in this Offer shall have the respective meanings ascribed to them by the Unison HomeOwner Agreement or the Offer Package. Modifications, additions, extensions, waivers and other agreements related to this Offer shall be enforceable only if made in writing and signed by the party against whom enforcement is sought. Time is of the essence in respect to this Offer.

## Section 10 - Summary of Financial Terms

| | |
|---|---|
| Effective Date: | To Be Determined |
| Term: | 30 years |
| Expiration Date: | To Be Determined<br>at 11:59 pm Pacific Time |
| Original Agreed Value: | $200,000.00 |
| Investor Percentage: | 70.00% |
| Unison Purchase Price: | $140,000.00 |
| Unison Investment Payment: | $35,000.00 |
| Unison Purchase Price Balance: | $105,000.00 |
| Maximum Authorized Debt: | $140,000.00 |

| Applicant Initials: DS DDS | Co-Applicant Initials: ___________ |
|---|---|

UNISON

## CONDITIONS OF OFFER

December 18, 2018

Re: Your home at:
202 Lucca Dr, Evans, CO, 80620 (your "Property")
Owner (s): Deborah Dee Stone
Unison HomeOwner Agreement ID Number: FRX-114084

The conditions listed below must be satisfied either prior to signing the Unison HomeOwner Agreement legal documents OR prior to closing your Unison HomeOwner Agreement as specified below. Additionally, there cannot have been any material changes in your income, assets, liabilities, or credit history prior to closing. If the conditions are not satisfied, Unison Agreement Corp. ("**Unison**") will treat this Offer as expired and will not be obligated to close the transaction.

**Conditions Required Prior to Signing:**

* Notice To and Acknowledgment Regarding Spouses, Partners and Co-Occupants Who Are Not Signatories To The Unison HomeOwner Agreement, executed by all appropriate parties (see attached).

**Conditions Required Prior to Closing:**

* Owner(s) and all necessary parties to properly execute closing documents.
* Copy of Driver License, U.S. Passport, or other form of unexpired legal documentation is required to confirm each owner's identity.
* The property title report dated TBD has been reviewed. There shall have been NO changes to the title of your Property since this date. This includes changes in ownership and the existence or absence of secure loans and or other liens. These instructions will be provided to the closing agent: All taxes due must be paid in full.
* **Owner(s) to sign copy of the Application at closing.**
All Applicants to execute the Closing Documents both as individuals and as trustees of their Revocable Trust. -
PAY DOWN OF 1ST MTG TO QUICKEN MTG CO FOR $2,192.00. - CHECK MADE PAYABLE TO MTG CO AND GIVEN TO HOMEOWNER TO SEND.
Condo Rider to be executed at Closing and recorded concurrently with Security Instrument -
Notice To and Acknowledgment Regarding Spouses, Partners and Co-Occupants - Who Are Not Signatories to the HomeOwner Agreement, executed by all appropriate parties. Spouse who are not on the Agreement must sign and have notarized at closing.

Each of the undersigned homeowners acknowledges that they have read, understand and accept these conditions and the need for them to be satisfied.

*Owner:*
DocuSigned by:
Deborah Dee Stone
30E8E109754443A...
Deborah Dee Stone

Date signed: 12/19/2018

*Co-Owner:*
______________________

Date signed: ______________________

*Co-Owner:*
______________________

Date signed: ______________________

*Co-Owner:*
______________________

Date signed: ______________________

UNISON

Unison HomeOwner Agreement ID Number: ***FRX-114084***

# IMPORTANT INFORMATION NOTICE AND TOTAL UNISON COST ESTIMATE (TUCE)

## Please Read Carefully

**If you have not already discussed the Unison HomeOwner Agreement with your own advisors (legal, financial, estate planning, tax) and family members, we strongly urge you to do so before proceeding any further.** You may want to consider other financial alternatives available to you, as well as the risks associated with this transaction.

## THE UNISON HOMEOWNER AGREEMENT:

You will grant Unison Agreement Corp., a Delaware corporation, based in San Francisco, California (**"Unison"**), an option to purchase a specific percentage of your Property (the **"Investor Percentage"**) for a stated amount of money (the **"Unison Purchase Price"**). As partial consideration for that option, Unison will make a cash payment (the **"Unison Investment Payment"**) as an advance on the Unison Purchase Price Unison has agreed to pay you in the future for its Investor Percentage in the Property. The remaining portion of the Unison Purchase Price (the **"Unison Purchase Price Balance"**) will be credited if and when Unison exercises the option, which is typically at the time you sell the Property.

The value of your Property at the time you enter into the Unison HomeOwner Agreement (the **"Original Agreed Value"**) is determined by a neutral third party appraisal and agreed to by you. When you sell your Property or the Unison HomeOwner Agreement is otherwise terminated, a then-current value is determined for the Property (**"Ending Agreed Value"**). This Ending Agreed Value is typically determined either by the sale price of the Property or by an appraisal, and it is subject to adjustments in certain circumstances, for homeowner remodeling and for deferred maintenance.

The term of your Unison HomeOwner Agreement (**"Term"**) is thirty (30) years. If you have not sold your Property or otherwise terminated the Unison HomeOwner Agreement by the end of the thirty (30) year Term, you will need to sell the Property or otherwise settle the Unison HomeOwner Agreement by paying Unison an amount equal to the value of its investment interest in the Property at that time. The financial terms discussed in this paragraph are found in **Section 10** of the Unison HomeOwner Option Agreement.

During the Term of the Unison HomeOwner Agreement, you agree to make all principal and interest payments in connection with any mortgage loans secured by the Property, and all property taxes and property insurance premiums as required by law and the Unison HomeOwner Agreement. In most cases, you will also be required to maintain the Property as your principal residence (although Unison may approve exceptions). You will be required, at your cost, to keep the Property in at least as good condition as when you signed the Unison HomeOwner Agreement, (ordinary wear and tear excepted), make necessary repairs, and to keep it free of liens not approved by Unison. With reasonable advance notice, and at its expense, Unison may inspect the Property to confirm its condition and value during the Term of the Unison HomeOwner Agreement.

UNISON

## THE DOCUMENTS:

The following documents, which together comprise the Unison HomeOwner Agreement, define your relationship with Unison by describing the legal rights and obligations of each party.

### The Unison HomeOwner Option Agreement

The Unison HomeOwner Option Agreement grants Unison the right to purchase the Investor Percentage in your Property under specific circumstances. As consideration for the option, Unison pays you a portion of the Unison Purchase Price in the form of the Unison Investment Payment at the beginning of the Unison HomeOwner Agreement transaction. The Unison Investment Payment is not a loan that you have to pay back, nor do you ever pay interest on this amount. However, if Unison exercises its option and purchases the Investor Percentage of your Property, this will result in a reduction in the sales proceeds you receive at sale. If Unison chooses not to exercise its option, you keep the portion of the Unison Purchase Price that Unison paid you as the Unison Investment Payment.

### The Unison HomeOwner Covenant Agreement

The Unison HomeOwner Covenant Agreement sets out your rights and responsibilities in connection with your Unison HomeOwner Agreement transaction. It requires, among other things, that you maintain the condition of the Property, make your mortgage payments and property tax payments on time, maintain property insurance and keep the Property free of liens not permitted under the Unison HomeOwner Agreement. The Unison HomeOwner Covenant Agreement also spells out how and under what circumstances Unison can take action to protect its interest in the Property; the steps by which your Unison HomeOwner Agreement ends at Property sale, Term, or the death of the last signatory; and how, beginning on the third (3rd) anniversary of the Unison HomeOwner Agreement, you can request a Special Termination (**"Special Termination"**) of your Unison HomeOwner Agreement in advance of these natural termination events. It also spells out the nature and amount of the fees that Unison can charge you during the Term of your Unison HomeOwner Agreement, and how Unison can advance certain amounts to protect its interest in your Property (**"Protective Advances"**) in the event that you default on certain material obligations. These amounts together will comprise homeowner obligations accrued during the Term, which, if unpaid, are deemed **"Unpaid Owner Obligations"**.

### The Memorandum Of Unison HomeOwner Agreement

The Memorandum Of Unison HomeOwner Agreement (**"Unison HomeOwner Recorded Memorandum"**) is a document that will be recorded in the public records of the county in which your Property is located. The Unison HomeOwner Recorded Memorandum serves two purposes:

1. It notifies third parties that Unison has an option to purchase the Investor Percentage.
2. It notifies third parties that anyone who owns the Property will be subject to certain requirements as long as the Unison HomeOwner Agreement is in effect.

### The Unison HomeOwner Security Instrument

The Unison HomeOwner Security Instrument (which may be a **"**Deed of Trust**"** or **"**Mortgage**"**, depending on the state) is a document that also will be recorded in the public records of the county in which your Property is located. The Unison HomeOwner Security Instrument protects Unison in case you default under the Unison HomeOwner Agreement. It creates a lien on your title to the Property, and it gives Unison rights to foreclose on the Property as a consequence of certain defaults by you, as security for its interest, in accordance with state law. The lien created by the Unison HomeOwner Security Instrument is removed when the Property is sold in

UNISON

accordance with the Unison HomeOwner Agreement or if the option is otherwise validly terminated.

## OTHER IMPORTANT TERMS TO BE AWARE OF:

**1.** By signing a Unison HomeOwner Agreement, you are granting Unison the right to purchase a specific percentage of your Property under certain circumstances. Thus, when your Property is sold (assuming Unison exercises the option at that time), Unison will receive a portion of the *gross sale proceeds* (before real estate commissions and other selling costs) representing its percentage interest in your Property. You will be responsible for the payment of real estate commissions and all other selling costs to third parties. The Unison HomeOwner Program Guide, Unison HomeOwner Option Agreement, and Unison HomeOwner Covenant Agreement set forth in detail how Unison's portion of the sale proceeds is calculated.

**2.** The Unison HomeOwner Agreement is not designed for use as short-term financing. If you sell your Property or the Unison HomeOwner Agreement otherwise ends within the first three (3) years of the Term and the value of your Property has declined, Unison will not bear a share of the decline in Property value. Instead, under these circumstances, the Ending Agreed Value of your Property will be deemed equal to its Original Agreed Value at the beginning of the Unison HomeOwner Agreement, and you will pay Unison, at minimum, the value of its investment in the Property in settlement of the Unison HomeOwner Agreement (plus any Unpaid Owner Obligations)**. If you are unsure about whether you will remain in your Property for at least three (3) years, you should consider alternatives to the Unison HomeOwner Agreement.**

**3.** Upon the third anniversary of your Unison HomeOwner Agreement and thereafter, you may request a Special Termination of your Unison HomeOwner Agreement at any time by paying Unison a special termination price (**"Special Termination Price"**). In a Special Termination, the Ending Agreed Value of your home will be determined by appraisal. The Special Termination Price will be *the greater of*:

- The Unison Investment Payment and any Unpaid Owner Obligations which you may have accrued; or
- The Unison Investment Payment and any Unpaid Owner Obligations which you may have accrued, plus the return on investment Unison would have earned if you had sold your home for the Ending Agreed Value as determined by appraisal.

These calculations apply only when you end your Unison HomeOwner Agreement by Special Termination.

**4.** Since you are agreeing to sell Unison a specific percentage of your Property under certain circumstances, if the value of your Property increases, you will share that increase with Unison. The resulting return on its investment that Unison receives may substantially exceed the total amount of interest payments you would have paid if you had instead borrowed the amount of the Unison Investment Payment from a lender**.**

**5.** If you default on your obligations under your Unison HomeOwner Agreement, there are certain circumstances under which Unison will have a right to commence foreclosure proceedings. Typically, Unison has these rights when you materially default on obligations and place the Property in jeopardy, for example: **(a)** you cease making mortgage or property tax payments on the Property; **(b)** you permit a lien on the Property other than as agreed to by Unison; **(c)** you attempt to transfer the Property without satisfying Unison's interest; or **(d)** the Unison HomeOwner Agreement is at Term and you do not settle the Unison HomeOwner Agreement or you breach your obligations in connection with Unison's option exercise**. Article Seven** of the Unison HomeOwner Covenant Agreement explains in detail what constitutes a "default" under the Unison HomeOwner Agreement, and explains that default cannot result in a

UNISON

foreclosure or a loss of your Property without Unison first having provided you multiple protections and opportunities to cure the default, both under the terms of the Unison HomeOwner Agreement, and as required by law. **Article Seven** of the Unison HomeOwner Covenant Agreement also describes an alternative remedy to foreclosure in the event of a material default which Unison, in its discretion, may elect to offer to you and, if so offered, you in your discretion may elect to accept (**"Option Exercise and Orderly Sale"**). If the alternative remedy of Option Exercise and Orderly Sale is offered by Unison and accepted by you, Unison will cure your default (such as the payment of mortgage or property tax obligations), exercise its option on your Property, and have an exclusive and unilateral right to conduct an orderly market sale of your Property. This remedy is designed to maximize the value of your Property, both your and Unison's equity interests in your Property, and to preserve your credit.

**6.** The Unison HomeOwner Agreement automatically reaches its Term when all signatories to the Unison HomeOwner Agreement have died. At this time, the Unison's right to exercise its option is triggered, and your heirs, beneficiaries or survivors may be required to settle the Unison HomeOwner Agreement. Depending on the value of the Property at that time, the amount required to settle the Unison HomeOwner Agreement may be substantial. Your heir, beneficiary, or survivor, or other property occupant may find they need to sell the Property in order to settle the Unison HomeOwner Agreement. Unison's foreclosure rights under the Unison HomeOwner Security Instrument may be triggered if your heirs or estate do not honor these obligations under the Unison HomeOwner Agreement, but again, that default cannot result in a foreclosure or a loss of the Property without Unison first having provided your heirs and estate multiple protections and opportunities to cure the default, both under the terms of the Unison HomeOwner Agreement, and as required by law. Likewise, Unison may in many if not most cases also offer your heirs and estate the alternative of Option Exercise and Orderly Sale.

If you wish to add a spouse, partner, or other person to the legal title to your Property at any time during the Term of your Unison HomeOwner Agreement, the new party on title must also become a signatory to the Unison HomeOwner Agreement and successfully complete the Unison HomeOwner Agreement education process. In the absence of the new party's formal and approved written addition as a signatory to the Unison HomeOwner Agreement, the new party on title will remain a "Non-Owner Occupant" of the Property (as defined in the Unison HomeOwner Agreement) and his or her rights in and to the Property may be affected at the original Unison HomeOwner Agreement signatory's death, as described above.

**7.** Unison HomeOwner Agreement terms are property-specific and date-specific. Unison establishes the terms of a Unison HomeOwner Agreement (i.e., the Unison Purchase Price and the Unison Investment Payment amounts) on a property-by-property basis, depending on a number of factors. Thus, the terms Unison offers for your Property today may differ from the terms Unison offers for other properties today or any property in the future.

**8.** Under the Unison HomeOwner Agreement you will agree to a debt ceiling on your Property, called the **Maximum Authorized Debt**. This will limit the amount of debt that can be secured by your Property. The exact dollar value of the debt limit is specified in **Section Ten** of the Unison HomeOwner Option Agreement and remains in effect for the life of the Unison HomeOwner Agreement unless it is expressly modified in writing by Unison. Unison will allow new loans you may obtain on your home up to the Maximum Authorized Debt, provided the value of your Property remains equal to or greater than the Original Agreed Value. If the value of your Property declines from the Original Agreed Value, Unison will typically allow any refinancing you may obtain up to the current principal balance of your existing mortgage loans plus actual, reasonable closing costs. Unison cannot guarantee whether mortgage lenders will agree to a new loan or a refinancing on a property with a Unison HomeOwner Agreement to the same

extent or on the same terms as they would for a similar property without a Unison HomeOwner Agreement, or at all.

**9.** There may be estate and tax consequences of a Unison HomeOwner Agreement. By entering into your Unison HomeOwner Agreement, you are granting Unison an option to purchase a specific percentage of your Property, as specified in the Unison HomeOwner Agreement. As a result, you and your heirs will own less of your Property if and when Unison exercises its option. **You should consult with family members and your estate planning advisor or other advisors accordingly.** Unison believes that, under current tax law, a homeowner entering into a Unison HomeOwner Agreement should not have to pay taxes on the Unison Investment Payment at the time the Unison Investment Payment is invested in your Property by Unison. Instead, the homeowner is likely to be subject to taxes on the Unison Investment Payment when Unison exercises its option (usually when the Property is sold or at Term), or if Unison cancels its option. **However, Unison does not give tax advice, and makes no representations or warranties whatsoever concerning the tax treatment of the Unison HomeOwner Agreement, whether generally, or as it applies to your unique situation. *You must contact your tax professional for any and all tax advice regarding the Unison HomeOwner Agreement*.**

**10.** The Unison HomeOwner Agreement is not assumable, nor may you transfer it to any other party. Unison may, however, transfer or assign its rights and obligations under the Unison HomeOwner Agreement to other parties.

[Signatures appear on following page.]

UNISON

## ACKNOWLEDGMENT AND SIGNATURE:

**By signing below, each Homeowner acknowledges as follows:**

I have received a copy of this **Important Information Notice**, including **Exhibit A** hereto and the **TUCE Disclosure** attached as **Exhibit B** hereto, have read and understand it, and have received answers to any questions I may have had about its content and about the Unison HomeOwner Agreement. I have received, read and understand the Unison HomeOwner Program Guide and have consulted the professional advisors and family members of my choosing.

*Owner:*

DocuSigned by:
Deborah Dee Stone
30E8F109754443A...

Deborah Dee Stone

Date signed: 12/19/2018

*Co-Owner:*

Date signed: ____________________

*Co-Owner:*

Date signed: ____________________

*Co-Owner:*

Date signed: ____________________

[This space is intentionally left blank.]

unison

## Exhibit A

### Offered Unison HomeOwner Agreement Terms

| | |
|---|---|
| **Unison HomeOwner Agreement ID Number** | FRX-114084 |
| **Homeowner Name** | Deborah Dee Stone |
| **Property Address** | 202 Lucca Dr<br>Evans, CO 80620 |
| **Unison HomeOwner Agreement Offer Date** | 12/18/2018 |
| **Original Agreed Value** | $200,000.00 |
| **Investor Percentage** | 70.00% |
| **Unison Purchase Price** | $140,000.00 |
| **Unison Investment Payment** | $35,000.00 |
| **Unison Purchase Price Balance** | $105,000.00 |

[This space is intentionally left blank.]

DS DDS
**Owner's Initials:** ________/________/________/________

UNISON

## Examples of the Payment to Unison at the End of the Unison HomeOwner Agreement

| Scenario | Change In Value | Future Home Value | Times Investor Percentage | Equals | Less Unison Purchase Price Balance | **Equals Payment to Unison** | Unison Gain (Loss) On Investment* |
|---|---|---|---|---|---|---|---|
| 1 | Increase | $224,000.00 | 70.00% | $156,800.00 | $105,000.00 | $51,800.00 | $16,800.00 |
| 2 | Larger Increase | $280,000.00 | 70.00% | $196,000.00 | $105,000.00 | $91,000.00 | $56,000.00 |
| 3 | Decrease | $176,000.00 | 70.00% | $123,200.00 | $105,000.00 | $18,200.00 | $-16,800.00) |
| 4 | Larger Decrease | $150,000.00 | 70.00% | $105,000.00 | $105,000.00 | $0.00 | ($-35,000.00) |
| 5 | Unchanged | $200,000.00 | 70.00% | $140,000.00 | $105,000.00 | $35,000.00 | $0.00 |

* Unison cannot lose an amount greater than the Unison Investment Payment under the terms of the Unison HomeOwner Agreement. The examples assume the following:

- No Remodeling Adjustment or Deferred Maintenance Adjustment applies.
- If the value of the Property increases by an amount greater than shown in Scenario 2, Unison's gain on investment will be proportionately larger, which will increase the payment to Unison.

[This space is intentionally left blank.]

Owner's Initials: DS DDS ________/________/________/________

unison

## Exhibit B

## Total Unison Cost Estimate (TUCE)

**Unison HomeOwner Agreement ID Number:** FRX-114084

| Estimated Annualized Percentage Cost Over The Term For A $50,000 Unison Investment Payment | | | | | | |
|---|---|---|---|---|---|---|
| | | Term Assumption (years)* | | | | |
| | | 2 | 5 | 10 | 15 | 30 |
| Annual Home Price Appreciation Assumption | -4.0% | -14.8% | -18.8% | -100.0% | -100.0% | -100.0% |
| | -2.0% | 7.2% | -7.9% | -9.7% | -15.2% | -100.0% |
| | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| | 2.0% | 6.8% | 6.4% | 5.9% | 5.4% | 4.6% |
| | 4.0% | 13.4% | 11.9% | 10.4% | 9.3% | 7.5% |
| | 6.0% | 19.7% | 16.9% | 14.2% | 12.5% | 10.0% |

**Important Considerations:**

The annualized cost of the Unison HomeOwner Agreement is determined when the agreement is terminated, which typically occurs when the Property is sold, and is dependent, in part, on how the value of your Property changes during the Term. The table above shows the estimated annualized cost of a Unison HomeOwner Agreement, expressed as a percentage. See Page 10 for a table that shows the estimated dollar cost.

Both tables assume various terms for the Unison HomeOwner Agreement (2, 5, 10, 15 and 30 years) and various percentages for annual home price appreciation. If your Property rises in value significantly, the cost of the Unison HomeOwner Agreement might be more than the cost you would have incurred by borrowing the amount of the Unison Investment Payment. If your home declines in value, the cost of the Unison HomeOwner Agreement is likely to be less than the cost you would have incurred by borrowing the amount of the Unison Investment Payment, and you would have benefited from the use of the Unison Investment Payment without making monthly payments. After the first three (3) years of the Term, the Unison Investment Payment received from Unison at the beginning of the Unison HomeOwner Agreement may offset part of any loss you may sustain due to a decline in value of your Property, and Unison may lose some or all of its investment (see the shaded cells in the tables).

With debt, the annualized cost will depend upon the type of loan that you take on. Interest rates for primary (first lien) residential home loan mortgages (3, 5, 7, 10, 15 and 30-year fixed rates) are in the range of 3% to 6%. Home equity loans are variable rate loans that are often tied to the Prime Lending rate. These loans also currently have low rates, but the rates can change quickly. Other types of loans, such as credit cards or other unsecured loans, can have interest rates of 20% per annum or more.

DS
DDS
**Owner's Initials:** ________/________/________/________

© 2017, **Unison**

UNISON

Unlike a loan, the Unison HomeOwner Agreement has no interest and no monthly payments, so you always have a better monthly cash flow compared to borrowing.

The profit or loss that Unison earns on its investment in your home will typically be equal to a specified percentage (the Investor Percentage) of the change in value of your home during the Term. A large profit for Unison typically means you will likewise have made a large profit on your home. Your Investor Percentage is stated in your Offer Package.

**Estimated Total Cost Over The Term**
**For A $50,000 Unison Investment Payment**

| | | Term Assumption (years) | | | | |
|---|---|---|---|---|---|---|
| | | 2 | 5 | 10 | 15 | 30 |
| Annual Home Price Appreciation Assumption | -4.0% | - $13,720 | - $32,310 | - $50,000 | - $50,000 | - $50,000 |
| | -2.0% | $6,930 | - $16,814 | - $32,012 | - $45,750 | - $50,000 |
| | 0.0% | $0 | $0 | $0 | $0 | $0 |
| | 2.0% | $7,070 | $18,214 | $38,324 | $60,527 | $141,988 |
| | 4.0% | $14,280 | $37,914 | $84,043 | $140,165 | $392,595 |
| | 6.0% | $21,630 | $59,189 | $138,398 | $244,398 | $830,111 |

These cost estimates are based on a hypothetical example: an Original Agreed Value of $500,000, a $50,000 Unison Investment Payment, and a 35% Investor Percentage at the start of the Unison HomeOwner Agreement. All calculations assume sale of the Property rather than a Special Termination of the Unison HomeOwner Agreement. Calculations for the two-year term incorporate the fact that Unison does not share in the loss if the Property is sold for less than its Original Agreed Value during the first three years of the Term.

Cost estimates do not include the following: administrative fees or costs that may be incurred by the homeowner during the life of the Unison HomeOwner Agreement; origination and transaction fees charged to the homeowner at the inception of the Unison HomeOwner Agreement; costs, charges, or fees associated with any Protective Advances that may be advanced during the life of the Unison HomeOwner Agreement; real estate commissions and all other selling costs to third parties, and/or adjustments which may apply at termination of the Unison HomeOwner Agreement for deferred maintenance or for remodeling.

DS
DDS

**Owner's Initials:** ________/________/________/________

# NOTICE AND ACKNOWLEDGMENT REGARDING SPOUSES, PARTNERS AND CO-OCCUPANTS WHO ARE NOT SIGNATORIES TO THE UNISON HOMEOWNER AGREEMENT

Unison HomeOwner Agreement ID Number: FRX-114084

This Notice and Acknowledgement Form ("**Form**") contains important disclosures about the rights and liabilities of spouses, domestic partners, family members and other co-occupants of a Property ("**Property**") subject to a **Unison HomeOwner Agreement** who are not signatories to the Unison HomeOwner Agreement (collectively referred to as "**Non-Owner Occupant(s)**"). Please READ IT CAREFULLY. This Form must be signed by all homeowners entering into and executing a Unison HomeOwner Agreement ("**Unison Signatory(ies)**"). Any owner executing a Unison HomeOwner Agreement ("**Owner"**) is responsible for ensuring that a complete and accurate version of this Form is returned to Unison Agreement Corp. ("**Unison"**) as a prerequisite to entering into the Unison HomeOwner Agreement.

The rights of a Non-Owner Occupant to occupy or retain possession of the Property following the death of the Last Surviving Owner who is a party to the Unison HomeOwner Agreement, Option exercise, or an Owner Event Of Default under the Unison HomeOwner Agreement, may be significantly affected by the operation of the Unison HomeOwner Agreement. This is because the Unison HomeOwner Agreement is an option agreement which gives Unison the right to exercise its option and purchase an undivided percentage interest ("**Investor Percentage**") in the Property upon certain triggering events. *Two such triggering events are the death of the Last Surviving Owner, or an Owner Event Of Default, regardless of whether Non-Owner Occupants are occupying the Property at that time.* A Non-Owner Occupant of a Property subject to a Unison HomeOwner Agreement will be required to settle Unison's option rights even if the Non-Owner Occupant inherits the Property as the heir, beneficiary or survivor of an Owner. Depending on the appreciation of the Property during the term of the Unison HomeOwner Agreement, the amount required to settle Unison's option rights may be substantial. In addition, following an Event of Default (including default by Non-Owner Occupants), Unison may be entitled to exercise its recorded security interest and/or compel the sale of the Property, resulting in a Non-Owner Occupant losing possession and/or ownership thereof.

Unison cannot know who occupies the Property as a principal residence if those persons are not named on title. Unison must and will rely on the Owner to supply this information accurately.

The responsibility for notifying Unison of any change in the status of Non-Owner Occupants is also a continuing obligation of all Owners throughout the Term of the Unison HomeOwner Agreement. All Owners are responsible for returning a complete and accurate amended Form to Unison with the signatures of all Non-Owner Occupants, both at inception of the Unison HomeOwner Agreement, and in the event that any new Non-Owner Occupant not signatory to the Unison HomeOwner Agreement commences to occupy the Property as his or her principal residence, or in the event a non-adult occupant of the Property attains the age of 18, at any time during the Term.

In the event that a Unison Signatory wishes to add another person onto the title to the Property after entering into the Unison HomeOwner Agreement, he or she must execute the complete set of Unison HomeOwner Agreement legal documents and meet all then-current Unison HomeOwner Agreement education requirements. Unless and until these requirements are met, the individual will remain and must be identified to Unison as a Non-Owner Occupant of the Property subject to the option and contractual rights of Unison as above described.

All Owners acknowledge that they have read and understand this Form, and that they have been advised by Unison to consult independent legal counsel and estate planning professionals to ascertain the legal effects of the Unison HomeOwner Agreement on future possession and occupancy of the Property.

[x] I represent and warrant that there are no Non-Owner Occupants living in my Property.

Acknowledged and agreed:

| Owner: | Co-Owner: |
| --- | --- |
| DocuSigned by: Deborah Dee Stone 30E8F109754443A... | |
| Deborah Dee Stone | |
| Date signed: 12/19/2018 | Date signed: |

[x] I represent and warrant that I have presented this form to and discussed its contents with all Non-Owner Occupants living in my Property. The names of all Non-Owner Occupants and their relation to me appear below.

Acknowledged and agreed:

| Owner: | Owner: |
| --- | --- |
| DocuSigned by: Deborah Dee Stone 30E8F109754443A... | |
| Deborah Dee Stone | |
| Date signed: 12/19/2018 | Date signed: |
| Non-Owner Occupant 1: | Non-Owner Occupant 2: |
| Print name: | Print name: |
| Relation to Applicant: | Relation to Applicant: |
| Non-Owner Occupant 3: | Non-Owner Occupant 4: |
| Print name: | Print name: |
| Relation to Applicant: | Relation to Applicant: |

UNISON

## Schedule of Debts To Be Paid At Closing From Unison HomeOwner Agreement Proceeds

Unison HomeOwner Agreement ID Number: FRX-114084

Total Amount To Be Paid At Closing: $2,192.00

The Closing Services Provider will be instructed to pay off the accounts indicated with a "Y" in the Pay Off column.

The Amount column reflects information from your credit report. If you have provided updated account statements, the balances from those statements will be paid and reflected in the Closing Statement. If you have not provided updated account statements, please do so prior to scheduling your closing. **No oral or handwritten information can be accepted.**

| CREDITOR | ACCOUNT NUMBER | AMOUNT | PAY OFF |
|---|---|---|---|
| QUICKEN LOANS | 8673408902734 | $2,192.00 | |
| GS LOAN SV | 5492693166773271 | $ | |
| SYNCB/AMAZON | 604578******8097 | $ | N |
| CAPITALONE | 517805******6534 | $ | N |
| SYNCB/WALMART | 603220******4373 | $ | N |
| OLLO/CWS | 537993******4769 | $ | N |
| THD/CBNA | 603532******7542 | $ | N |
| CBNA | 199035* | $ | |
| CANVAS CREDIT UNION | 672904**** | $ | |
| COMENITYCB/ULTA | 578097******6621 | $ | |
| MERRICK BANK CORP | 412061******9253 | $ | |
| TD BANK NA | 483950******1303 | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

PAY DOWN OF 1ST MTG TO: **Quicken**
FOR $ **2,192.00**,
CHECK MADE PAYABLE TO MTG CO AND GIVEN TO HOMEOWNER TO SEND.

# DEFERRED MAINTENACE ADDENDUM TO UNISON HOMEOWNER AGREEMENT

Unison HomeOwner Agreement ID Number: FRX-114084

This Deferred Maintenance Addendum to the **Unison HomeOwner Agreement** ("Deferred Maintenance Addendum") restates those rights and obligations of the parties previously set forth in Section 8.4(b)(i) of the **Unison HomeOwner Covenant Agreement.**

Reference is made to that certain Unison HomeOwner Agreement by and between DEBORAH DEE STONE (collectively, "**Owner**") and **Unison Agreement Corp.**, its successors and assigns ("**Investor**"), in connection with the purchase of the property at 202 Lucca Dr, Evans, CO 80620 ("**Property**"), consisting of (1) the **Unison HomeOwner Option Agreement**; (2) the **Unison HomeOwner Covenant Agreement**; (3) the **Unison HomeOwner Recorded Memorandum**, and (4) the **Unison HomeOwner Security Instrument**. All initially bolded terms in this Deferred Maintenance Addendum are defined in Schedule A to the Unison HomeOwner Covenant Agreement.

Section 8.4(b)(i) of the Unison HomeOwner Covenant Agreement provides for notation by Investor of certain repair items or conditions on the Property in connection with the **Owner Property Purchase,** which repair items or conditions may be expressly reserved by Investor for application of a **Deferred Maintenance Adjustment** at the time of calculation of the **Ending Agreed Value** of the **Property** and determination of the **Investor Proceeds**. The following items are noted by Investor under Section 8.4(b)(i):

Page XX of XX in the home inspection report by National Property Inspection dated XX/XX/XX specifically noted:

If the items, defects, or conditions listed above have not been fully corrected or repaired by Owner at the time of any calculation of the Ending Agreed Value of the Property and any determination of the Investor Proceeds, then Investor shall have the right under Section 8.4(a) of the Unison HomeOwner Covenant Agreement to make (in consultation with third party experts and inspectors unaffiliated with Investor), a commercially reasonable estimate of the dollar amount which is required, at that time, to repair such Deferred Maintenance, independently and without reference to any estimate of costs required for repair which may have been given to Owner and to apply the dollar amount so obtained by Investor as a Deferred Maintenance Adjustment in calculating the Ending Agreed Value of the Property and the Investor Proceeds.

Investor shall have no liability in connection with, or for Owner's failure to cure, the items, defects and conditions listed above.

This Addendum may be executed in counterparts.

**INVESTOR:**

Unison Agreement Corp.

By: ______________________________________

Title: ____________________________________

______________________________________
Date Signed

**OWNER:**

By: ________________________________________
Deborah Dee Stone

Date Signed: _______________________________

By: ________________________________________

Date Signed: _______________________________

By: ________________________________________

Date Signed: _______________________________

By: ________________________________________

Date Signed: ________________________________