# EXHIBIT 2-1

Unison HomeOwner Agreement ID Number: FRX-114084

## UNISON HOMEOWNER OPTION AGREEMENT

This Unison HomeOwner Option Agreement ("**Unison HomeOwner Option Agreement**") is entered into as of 12/19/2018 ("**Effective Date**").

**1. Grant Of Option; Option Price; Consideration.**

**(a)** Deborah Dee Stone ("**Owner**") hereby grants to Unison Agreement Corp., a Delaware corporation, and its successors and assigns ("**Investor**"), an option ("**Option**") to purchase, in the future, an undivided 70.00% interest (the "**Investor Percentage**") in and to that certain residential real property known as 202 Lucca Dr, Evans, CO 80620 and further described in the attached **Exhibit A** (the "**Property**") for the Unison Purchase Price of $140,000.00 ("**Unison Purchase Price**"). The Option is granted by Owner in partial consideration of Investor's providing Owner with an advance of funds in the amount of $35,000.00 (the "**Unison Investment Payment**").

**(b)** As consideration for granting the Option, and for Owner's obligations under the Unison HomeOwner Agreement ("**Unison HomeOwner Agreement**"), Owner shall receive: **(1)** the Unison Investment Payment; **(2)** the delayed right and express waiver of any and all rights of Investor to exercise the Option it has purchased in the Property, unless or until such time as Owner elects, in Owner's sole discretion, to sell the Property, or until the occurrence of another **Exercise Event,** as defined herein; and **(3)** Investor's performance of its obligations under, and such other rights and benefits as are provided to Owner under the Unison HomeOwner Agreement.

**(c)** The Unison Investment Payment is an advance payment of a portion of the Unison Purchase Price. Therefore, in the event Investor elects to exercise the Option, the remaining portion of the Unison Purchase Price (the "**Unison Purchase Price Balance**") will be $105,000.00.

**(d)** This Option is made subject to the terms and conditions of the following documents, each executed as of the Effective Date and incorporated herein by reference ("**Transaction Documents**"), which Transaction Documents together with this Unison HomeOwner Option Agreement comprise the Unison HomeOwner Agreement: **(1)** the Unison HomeOwner Covenant Agreement ("**Unison HomeOwner Covenant Agreement**"); **(2)** the Unison Deed of Trust/Mortgage and Security Instrument, together with any riders thereto ("**Unison HomeOwner Security Instrument**"); and **(3)** the Memorandum of Unison HomeOwner Agreement ("**Unison HomeOwner Recorded Memorandum**"). Capitalized terms not defined herein are defined in **Schedule A** to the Unison HomeOwner Covenant Agreement.

**2. Term Of Option; Right To Exercise.**

The term of the Option ("**Term**") is thirty (30) years. The Term commences on the Effective Date and expires on the date immediately preceding the thirtieth (30th) anniversary of the Effective Date ("**Expiration Date**"), subject to extension under limited circumstances set forth in the Unison HomeOwner Covenant Agreement. Investor will have the right in its **Permitted Discretion** to exercise this Option only upon the following events ("**Exercise Events**"): **(a)** as of the Expiration Date; **(b)** upon Owner's arms' length sale of the Property; **(c)** upon the death of the last surviving Owner ("**Last Surviving Owner**"); or **(d)** following a material and uncured event of Owner default ("**Event Of Default**"), or acceptance by Owner of



© 2018, Unison 

Investor's offer of Option exercise and Orderly Sale, as described in and subject to the terms of **Article Seven** of the Unison HomeOwner Covenant Agreement.

**3. Manner Of Option Exercise.**

Upon the occurrence of any Exercise Event, Investor (or Investor's agent, servicer, **Asset Administrator**, or other designee) may exercise the Option by transmission of a written statement either substantially in the form of **Exhibit B** hereto, or which otherwise evidences Investor's intent to purchase its undivided percentage interest in and to the Property and settle the Unison HomeOwner Agreement ("**Option Exercise Notice**"). Transmission of the Option Exercise Notice will constitute exercise of the Option when sent to any of the following **Persons**: **(a)** Owner, either at the address of the Property, or at the electronic mail address given for notices below; **(b)** any **Escrow Holder** engaged in processing a sale or transfer of the Property; **(c)** any real estate agent or broker engaged by Owner in processing a sale or transfer of the Property; **(d)** any heir(s), representative, or executor of the Last Surviving Owner ("**Owner's Estate**"); or **(e)** any other Person Owner has designated during the Term as authorized to receive notices under the Unison HomeOwner Agreement.

**4. Property Valuation; Investor Purchase.**

Owner agrees that the value of the Property as of the Effective Date is $200,000.00 ("**Original Agreed Value**"). Owner further agrees that the future value of the Property, when calculated at any time during the Term, is called the **Ending Agreed Value**, which will be determined as provided in the Unison HomeOwner Covenant Agreement and which shall be subject to certain adjustments if: **(a)** Owner sells the Property prior to the third (3rd) anniversary of the Effective Date; **(b)** Owner sells the Property in a **Sale By Owner**, **Intrafamily Sale**, or a sale to a **Third Party Buyer** that is not a **Natural Person** (as such terms are defined in the Unison HomeOwner Covenant Agreement); **(c)** the Ending Agreed Value is negatively affected as a result of either (i) Owner's failure to maintain the Property during the Term, or (ii) a condition or defect in, or damage to the Property or its title which either existed as of the Effective Date or which occurred or developed during the Term and which was not remedied or repaired by Owner; **(d)** Owner remodels, improves or modifies the Property and thereby affects the Ending Agreed Value (positively or negatively); or **(e)** Owner defaults under the Unison HomeOwner Agreement and fails to cure the Event of Default.

Upon Option exercise, Investor shall be entitled to purchase its undivided percentage interest in and to the Property in exchange for the Unison Purchase Price Balance. The value of Investor's undivided percentage interest in the Property will be calculated as the Ending Agreed Value of the Property (as adjusted, if applicable) multiplied by the Investor Percentage. Any and all **Unpaid Owner Obligations**, as such term is defined in the Unison HomeOwner Covenant Agreement, shall be subtracted from the Unison Purchase Price Balance in calculating the amount Investor shall pay for its undivided percentage interest. Investor's exercise of its Option and purchase of an undivided percentage interest in and to the Property shall be conducted pursuant to the procedures prescribed in the Unison HomeOwner Covenant Agreement. Pursuant to the procedures prescribed in the Unison HomeOwner Covenant Agreement, Owner may terminate Investor's right to purchase an undivided percentage interest in and to the Property pursuant to Investor's exercise of the Option by tendering to Investor an amount equal to the value of Investor's undivided percentage interest (if any), minus the Unison Purchase Price Balance (from which Unpaid Owner Obligations shall have been subtracted). Upon acceptance of such amounts from Owner, Investor shall effect



© 2018, Unison

a full release and reconveyance of the Option, the Unison HomeOwner Agreement, the Unison HomeOwner Security Instrument, and the other Transaction Documents. In the event that Owner does not terminate Investor's right to purchase its undivided percentage interest in and to the Property, Investor and Owner, as co-owners of the Property, shall promptly market and sell the Property in order to liquidate their respective percentage interests thereto.

**5. Investor Proceeds; Investor Interest.**

The value of Investor's undivided percentage interest in and to the Property, minus the Unison Purchase Price Balance, is termed the "**Investor Proceeds.**" The amount of Investor Proceeds, if any, plus the amount of Unpaid Owner Obligations, if any, is termed the "**Investor Interest.**"

**6. Nature Of Option And Of Unison Investment Payment.**

**The Unison Investment Payment is not a loan. The Unison Investment Payment is not a principal amount which Investor is contractually or otherwise entitled to recover at Term or at Option exercise. The Investor Proceeds may be greater than, equal to, or less than the Unison Investment Payment, or zero, depending upon the change in value of the Property (the difference between the Original Agreed Value and the Ending Agreed Value) between the Effective Date and the Exercise Event. Owner will not be required to make any monthly interest or any other periodic payments to Investor calculated upon the amount of the Unison Investment Payment, nor will any periodic payment obligations be imposed upon or accrue on the amount of the Unison Investment Payment as indebtedness to Owner.**

**7. Special Termination.**

At any time following the third (3rd) anniversary of the Effective Date, Owner may request special termination of the Option ("**Special Termination**") prior to the occurrence of an Exercise Event or the Expiration Date, pursuant to **Section 6.2** of the Unison HomeOwner Covenant Agreement, by payment to Investor of an amount ("**Special Termination Price**") equal to the greater of (a) the Unison Investment Payment plus any Unpaid Owner Obligations, or (b) the Investor Interest.

**8. Maximum Authorized Debt.**

The sum total of loans from third parties secured by liens on the Property that Owner may incur while the Unison HomeOwner Agreement is outstanding is $140,000.00. This amount is called the **Maximum Authorized Debt**. A sum total of loans from third parties secured by liens on the Property in excess of the Maximum Authorized Debt at any time during the Term is an Event of Default under the Unison HomeOwner Agreement.

**9. Recorded Lien.**

Owner's performance under the Unison HomeOwner Agreement will be secured as a recorded lien on the Property by recording of both the Unison HomeOwner Security Instrument and the Unison HomeOwner Recorded Memorandum in the county where the Property is located. If there is a material and uncured Event of Default under the terms of the Unison HomeOwner Agreement, Investor shall have the right, but is not obligated to, demand Owner's performance of the terms of the Unison HomeOwner Agreement; and upon Owner's continued failure to perform following such demand, Investor shall have the



© 2018, Unison

right to invoke any and all remedies under the Unison HomeOwner Agreement, including the right of Option exercise, and those remedies provided to Investor as a secured lien holder under the Unison HomeOwner Security Instrument and applicable law.

**10. Summary of Financial Terms and Fees.**

| | |
|---|---|
| Effective Date: | 12/19/2018 |
| Term: | 30 Years |
| Expiration Date: | 12/18/2048<br>at 11:59 pm Pacific Time |
| Original Agreed Value: | $200,000.00 |
| Investor Percentage: | 70.00% |
| Unison Purchase Price: | $140,000.00 |
| Unison Investment Payment: | $35,000.00 |
| Unison Purchase Price Balance:* | $105,000.00 |
| Maximum Authorized Debt: | $140,000.00 |

* The Unison Purchase Price Balance may be subject to reduction under Sections 7.3(d) and 10.2 of the Unison HomeOwner Covenant Agreement.

The formulae to be applied in any calculation of the Investor Proceeds or Investor Interest hereunder are set forth in Article 10 of the Unison HomeOwner Covenant Agreement, which is incorporated herein by reference.

Address, Phone Number and Electronic Mail Address for Notice to Owner:

202 Lucca Dr
Evans, CO 80620
303-880-7710

Address for Notice to Investor:

Unison Agreement Corp.
P.O. Box 26800
San Francisco, CA 94126-6800
Attn: Asset Administration



© 2018, Unison

IN WITNESS WHEREOF, intending to be legally bound, the parties have executed this Unison HomeOwner Option Agreement as of the Effective Date.

**INVESTOR:**

Unison Agreement Corp.

By: ______________________________
Ismael Casas, Jr.

Title: Vice President

______________________________
Date Signed

**OWNER:**

By: Deborah Dee Stone
Deborah Dee Stone

Date Signed: 12/22/2018

By: ______________________________

Date Signed: ______________________________

By: ______________________________

Date Signed: ______________________________

By: ______________________________

Date Signed: ______________________________



© 2018, Unison

**Exhibit A**

**PROPERTY DESCRIPTION**

That certain real property situated in the City of Evans, County of Weld, State of Colorado, described as follows:

THE FOLLOWING REAL PROPERTY IN THE COUNTY OF WELD, AND STATE OF COLORADO, TO WIT;

CONDOMINIUM UNIT 202, MONTEVISTA CONDOMINIUMS AT TUSCANY, SUPPLEMENT NO. 1, ACCORDING TO THE

CONDOMINIUM MAP THEREOF RECORDED DECEMBER 27, 2002, UNDER RECEPTION NO. 3018741, IN THE RECORDS OF THE OFFICE OF THE CLERK AND RECORDER OF WELD COUNTY, COLORADO, AND AS DEFINED AND DESCRIBED IN THE CONDOMINIUM DECLARATION FOR MONTEVISTA CONDOMINIUMS AT TUSCANY, RECORDED NOVEMBER 5, 2002 UNDER RECEPTION NO. 3002492, AND AMENDMENT THERETO RECORDED DECEMBER 27, 2002 AT RECEPTION NO. 3018740, AND RERECORDED JANUARY 14, 2003 UNDER RECEPTION NO. 3023795 IN SAID RECORDS. SUBJECT TO THE TERMS, CONDITIONS AND OBLIGATIONS AS CONTAINED IN SAID DECLARATION AND AMENDMENTS THERETO, COUNTY OF WELD, STATE OF COLORADO.

WITH ALL ITS APPURTENANCES AND WARRANTS THE TITLE TO THE SAME, SUBJECT TO GENERAL TAXES FOR THE

YEAR 2016 AND THOSE SPECIFIC EXCEPTIONS DESCRIBED BY REFERENCE TO RECORDED DOCUMENTS AS REFLECTED

IN THE TIDE DOCUMENTS ACCEPTED BY GRANTEE(S) IN ACCORDANCE WITH RECORD TIDE MATTERS (SECTION 82) OF THE CONTRACT TO BUY AND SELL REAL ESTATE RELATING TO THE ABOVE DESCRIBED REAL PROPERTY;

DISTRIBUTION UTILITY EASEMENTS, (INCLUDING CABLE TV); THOSE SPECIFICALLY DESCRIBED RIGHTS OF THIRD

PARTIES NOT SHOWN BY THE PUBLIC RECORDS OF WHICH GRANTEE(S) HAS ACTUAL KNOWLEDGE AND WHICH WERE

ACCEPTED BY GRANTEE(S) IN ACCORDANCE WITH OFF-RECORD TITLE MATTERS (SECTION 8.3) AND CURRENT SURVEY REVIEW (SECTION 9) OF THE CONTRACT TO BUY AND SELL SEAL ESTATE RELATING TO THE ABOVE DESCRIBED REAL PROPERTY; INCLUSIONS OF THE PROPERTY WITHIN ANY SPECIAL TAX DISTRICT; ANY SPECIAL ASSESSMENT IF THE IMPROVEMENTS WERE NOT INSTALLED AS OF THE DATE OF BUYER'S SIGNATURE ON THE



© 2018, Unison

CONTRACT TO BUY AND SELL REAL ESTATE, WHETHER ASSESSED PRIOR TO OR AFTER CLOSING; AND OTHER NONE.

APN: 095923374002

[End of legal description.]



© 2018, Unison

**Exhibit B**

**OPTION EXERCISE NOTICE**

Date:

To: [Homeowner Name(s)]
[Property Address]
[City State ZIP]

1. Notice is hereby given of Investor's election to exercise the Option granted to Investor by [Homeowner Name(s)] ("Owner") under the Unison HomeOwner Agreement between Investor and Owner dated as of [Effective Date] ("Unison HomeOwner Agreement"). Capitalized terms not defined herein are defined in the Unison HomeOwner Agreement.

2. Under the terms of the Unison HomeOwner Agreement, the Ending Agreed Value of the Property (as adjusted if applicable), multiplied by the Investor Percentage, minus the Unison Purchase Price Balance, together with any Unpaid Owner Obligations, equals the sum of

$ ( dollars and cents).

3. Upon acceptance of such amount from Owner, Investor shall effect a full release and reconveyance of the Option, the Unison HomeOwner Agreement, the Unison HomeOwner Security Instrument, and the other Transaction Documents.

Dated: ______________________________

By: **Exhibit - Do Not Sign**

Name: **Exhibit - Do Not Sign**

Title: **Exhibit - Do Not Sign**



© 2018 Unison