**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Deborah Dee Stone<br><br>Debtor. | Case No. 24-12767 MER<br><br>Chapter 13 |
| Deborah Dee Stone<br><br>Plaintiff,<br><br>v.<br><br>Real Estate Equity Exchange, Inc., Unison Agreement Corp., Odin New Horizon Real Estate Fund LP, and Unison Investment Management, LLC,<br><br>Defendants. | Adversary No. 24-01181 MER |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

THIS MATTER comes before the Court on the Motion to Dismiss Adversary Complaint ("**Motion**") filed by Unison Agreement Corp, Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund LP, and Unison Investment Management, LLC (collectively, "**Unison**"), the Debtor/Plaintiff's Response thereto, and Unison's Reply.[1]

## BACKGROUND

The Debtor initiated this proceeding on August 9, 2024.[2] The Debtor asserts, among other things, an agreement she entered into with Unison ("**Agreement**") is invalid and unenforceable because the Agreement is: (1) unconscionable; (2) unfair and deceptive in violation of the Colorado Consumer Protection Act; (3) violates Colorado mortgage lending statutes; (4) is usurious and otherwise violates the Uniform Credit Code and/or reverse mortgage lending requirements; and/or (5) was fraudulently notarized.[3] Alternatively, the Debtor requests a declaration the Agreement is an

[1] ECF Nos. 14, 22, & 26.

[2] ECF No. 1.

[3] *Id.* at ¶6.

executory contract that the Debtor rejects.[4] The Debtor also requests the Court disallow Unison's proof of claim.[5]

Unison asserts the Debtor's complaint should be dismissed because the Debtor failed to state a plausible claim for relief and failed to plead fraud with particularity.[6] In particular, Unison asserts it is not plausible for the Debtor to allege the Agreement is unconscionable, unfair, or deceptive because the Debtor cannot identify any statements Unison made to her that were inaccurate or misleading, the documents and communications show the Debtor had ample opportunity to review the terms of the Agreement, and the Debtor was encouraged by Unison to seek legal and/or financial counsel prior to entering into the Agreement.[7] Unison also contends the Debtor's claims for violations of the Colorado mortgage lending statutes and the Uniform Credit Code must be dismissed because the Agreement is neither credit nor a loan.[8] Instead, the Agreement is allegedly an option that is not subject to laws governing mortgage or consumer loans.[9] Unison further asserts the Debtor's claim for fraudulent notarization fails because Colorado does not require notarization. Finally, Unison argues the Debtor's request the Agreement be declared an executory contract the Debtor rejects and that Unison's proof of claim be disallowed must be dismissed because the Debtor does not allege a basis for rejection of the Agreement under the Bankruptcy Code, nor any facts that support disallowance of Unison's proof of claim.[10] The Debtor denies these allegations and asserts "her complaint contains specific and detailed allegations about how [Unison] developed and deployed a business plan to illegally profit off her, and therefore meets the standards under Fed. R. Civ. P. 12(b)(6) and 9(b) and their applicable bankruptcy counterparts."[11]

## ANALYSIS

### A. Standard Under Rule 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6):

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following

[4] *Id.* at ¶7; 11 U.S.C. § 365.

[5] *Id.* at ¶187.

[6] Fed. R. Civ. P. 12(b)(6) (incorporated by Fed.R.Bankr.P. 7026) and Fed.R.Civ.P. 9(b) (incorporated by Fed.R.Bankr.P. 7009). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[7] ECF No. 14 at 2.

[8] *Id.*

[9] *Id.* at 2-3.

[10] *Id.* at 3.

[11] ECF No. 22 at 1.

defenses by motion . . . failure to state a claim upon which relief can be granted . . . .

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff.[12] A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[15]

The determination of whether to dismiss a complaint under Rule 12(b)(6) is a two-pronged approach.[16] The first prong rests on the tenet a court must accept as true all of the allegations contained in a complaint, which is inapplicable to legal conclusions.[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] Second, only a complaint stating a plausible claim for relief will survive a motion to dismiss.[19] Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its judicial experience and common sense.[20] Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown, that the pleader is entitled to relief.[21]

**B. The Debtor's State Law Claims**

The Debtor's first six claims for relief include claims for: (1) unconscionability; (2) violations of the Colorado Consumer Protection Act; (3) violations of Colorado's mortgage lending requirements; (4) violations of the Colorado Consumer Credit Code;

---

[12] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Id.*

[15] *Id.*

[16] *Id.* at 679.

[17] *Id.* at 678.

[18] *Id.*

[19] *Id.* at 679.

[20] *Id.*

[21] *Id.*; Fed.R.Civ.P. 8(a)(2).

(5) violations of Colorado's reverse mortgage requirements; and (6) fraudulent notarization (collectively, the "**State Law Claims**").[22] The Court finds the allegations alleged in the Complaint sufficiently support most of the Debtor's State Law Claims.[23] The State Law Claims pertain to the nature of the Agreement and the Debtor's interactions with Unison regarding it. The Debtor not only included detailed allegations surrounding the Agreement and its impact on the Debtor, but also allegations regarding Unison's business model, which were supported by citations to Unison's website, news articles, and podcasts involving Unison's CEO.[24] The Debtor used these factual allegations to support her State Law Claims.[25] Indeed, the Complaint does not merely cite the elements of her claims along with conclusory statements but instead supports each State Law Claim with interwoven factual allegations.[26] As such, the Court finds the Debtor's complaint satisfies the first prong.

The second prong requires the Court to draw on its experience and common sense to determine whether the Complaint states a plausible claim for relief.[27] Unison contends the Debtor's State Law Claims are not plausible for several reasons, including, among other things, the Debtor cannot point to any statement Unison made that was inaccurate or misleading, the Debtor had ample opportunity to ask questions and understand the Agreement, and the Agreement is an option rather than credit or a loan. The Court disagrees with this argument. The Court must view the factual allegations in the light most favorable to the Debtor and accept them as true. Here, the Debtor alleges several statements made by Unison were misleading, including statements regarding the projected value of the Debtor's home and statements that the Agreement is a loan.[28] The Debtor also makes several allegations regarding her ability to understand the Agreement, including that she is a high school graduate who lacks a sophisticated understanding of complex financial transactions.[29] Unison, a large financial company, drafted all of the documents for the Agreement, which totaled approximately 100 pages.[30] Unison sent a representative to the Debtor's home with the

---

[22] ECF No. 1. Although these are state law claims the Court, after briefing by the parties, decided to not abstain from deciding these claims. ECF No. 31.

[23] The Court finds the allegations do not support the Debtor's sixth claim for fraudulent notarization. The Court will discuss this finding in more detail below.

[24] ECF No. 1 at ¶¶ 17-117.

[25] *Id.* at ¶¶ 118-187.

[26] *Id.*

[27] *Ashcroft*, 556 U.S. at 679.

[28] ECF No. 1 at ¶¶ 72, 74, 75, & 77.

[29] *Id.* at ¶ 119(a).

[30] *Id.* at ¶¶ 119(b) & 119(d).

documents and requested the Debtor sign them.[31] The Debtor told Unison's representative she did not understand the contents of the documents and asked the representative various questions.[32] However, the representative advised the Debtor he could not answer any of her questions and that he was only there to get her signature.[33] As to the Debtor's claims regarding Unison's alleged violations of Colorado's mortgage lending and credit laws, the Debtor made several allegations regarding the nature of the Agreement. The Debtor alleges she understood, and continues to understand, the Agreement to be a home-secured loan, which she would repay when she sold her home.[34] The documents Unison sent to the Debtor allegedly confirm the Agreement is a loan and include statements making it clear the Debtor would be required to pay Unison back.[35] Taking these allegations, amongst others, as true and viewing them in the light most favorable to the Debtor, the Court finds the Debtor has stated a plausible claim for relief and the second prong is satisfied as to the Debtor's State Law Claims.

**C. The Debtor's Fraudulent Notarization Claim is not Plausible**

The Debtor seeks declaratory relief on her sixth claim for relief for fraudulent notarization ("**Notarization Claim**").[36] The Debtor asserts the Agreement, as well as an accompanying Deed of Trust the Debtor granted Unison against her home ("**Deed of Trust**"), purport to be notarized.[37] However, the Debtor alleges she did not sign the Agreement or Deed of Trust in front of a notary, never provided her driver's license to a notary, and never signed a notary book.[38] Unison contends it does not matter whether the documents were properly notarized because deeds and promissory notes, among other documents, are not required to be notarized in Colorado.[39] The Court agrees. Even if the Court were to take the Debtor's allegations as true, they would have no impact on the validity of the Agreement and/or Deed of Trust because Colorado does not require that a deed conveying property to be notarized.[40] Similarly, the Agreement

---

[31] *Id.* at ¶¶ 86-88.

[32] *Id.* at ¶¶ 89-90.

[33] *Id.* at ¶89.

[34] *Id.* at ¶¶ 63, 65, & 66.

[35] *Id.* at ¶¶ 77-78.

[36] *Id.* at ¶164.

[37] *Id.* at ¶166.

[38] *Id.* at ¶¶167-70.

[39] ECF No. 14 at 24-25.

[40] *Burr v. Moyer*, No. 10-1503, 2012 WL 364072, at *5 (D. Colo. Feb. 2, 2012) (*citing Am. Nat'l Bank v. Silverthorn*, 287 P. 641, 642 (Colo. 1930)).

was also not required to be notarized.[41] The Debtor admits the documents are not required to be notarized under Colorado law, and she also admits she signed both the Agreement and Deed of Trust, which is sufficient to prove she intended to convey an interest in her home to Unison.[42] While there may be other issues with the documents, Unison's allegedly improper notarization of the documents has no bearing on the validity of the Agreement or Deed of Trust. As such, the Court finds the Debtor's Notarization Claim is not plausible and is therefore dismissed.

**D. The Debtor's Bankruptcy Claims**

The Debtor brings two claims rooted in bankruptcy law. The Debtor's seventh claim for relief seeks a declaration from this Court that the Agreement is an executory contract, which the Debtor rejects.[43] The Debtor's eighth claim is an objection to Unison's proof of claim (collectively with the Debtor's seventh claim, the "**Bankruptcy Claims**").[44] Unison contends the Debtor's seventh claim should be dismissed because the Agreement is not an executory contract as it does not require ongoing material performance from the parties, and even if the Agreement was executory, rejecting it would not terminate the Agreement.[45] As to the Debtor's eighth claim, Unison asserts the Debtor has not raised a valid basis for disallowance of Unison's claim.[46]

The Court finds the Debtor has sufficiently alleged facts to support her Bankruptcy Claims. In support of her seventh claim, the Debtor alleges Unison still has obligations to fulfill under the Agreement, such as the obligation to repay the Debtor the remaining balance of the purchase price for an interest in the Debtor's home.[47] The Court must take such allegations as true.[48] As to her eighth claim, the Debtor alleges Unison's proof of claim is based on a void, invalid contract and therefore should be

---

[41] *Mbaku v. Bank of Am.*, No. 12-190, 2014 WL 4099313, at *12 (D. Colo. Aug. 20, 2014) ("there is no requirement that an endorsement must be dated or notarized to be valid").

[42] ECF No. 1 at ¶ 92; ECF No. 22 at 30 n. 13; *Moon v. Platte Valley Bank*, 634 P.2d 1036, 1038 (Colo. App. 1981) (finding that an unacknowledged deed of trust may operate as a conveyance if the execution or delivery is proven by competent evidence). The Court notes the Debtor withdrew her request to have the Agreement and/or Deed of Trust declared void based on improper notarization. However, the arguments made in the Debtor's response to Unison's Motion as to why her Notarization Claim should not be dismissed still rely on the Court finding the notarizations were improper. As the Court already explained and the Debtor admitted, this argument is meritless.

[43] *Id.* at ¶174; 11 U.S.C. § 365.

[44] ECF No. 1 at 24; POC 16-1.

[45] ECF No. 14 at 26.

[46] *Id.* at 30.

[47] ECF No. 1 at ¶¶ 175-77.

[48] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3.

disallowed.[49] As discussed above, the Debtor alleged sufficient facts to support her claims surrounding the validity of the Agreement based on unconscionability and violations of specific Colorado mortgage and lending statutes. The Court must first determine these claims before it can determine whether to disallow Unison's proof of claim on the basis the underlying Agreement is invalid.[50] Therefore the Court

ORDERS, the Motion is DENIED as to the Debtor's First, Second, Third, Fourth, Fifth, Seventh, and Eighth claims for relief. The Motion is GRANTED as to the Debtor's Sixth claim for relief. The Court

FURTHER ORDERS Unison shall file an Answer to the Debtor's complaint on or before **August 13, 2025**.

Dated July 30, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

[49] *Id.* at 187.

[50] 11 U.S.C. § 502(b)(1); *In re DePugh*, 409 B.R. 84, 109 (Bankr. S.D. Tex. 2009) (finding that while the question of whether creditor's claim was allowable is a matter of federal law and the bankruptcy court's equitable powers, the underlying validity of creditor's claim was based on state contract law); *In re G.I. Industries, Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (finding a claim cannot be allowed under § 502(b)(1) if it is unenforceable under nonbankruptcy law).